Filed 11/6/15  In re C.J. CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re C.J., a Person Coming Under the Juvenile Court Law. | |
| MERCED COUNTY HUMAN SERVICES AGENCY,<br><br>        Plaintiff and Respondent,<br><br>                v.<br><br>JOYCE J.,<br><br>        Defendant and Appellant. | F071263<br><br>(Super. Ct. No. JV27492)<br><br><br>**OPINION** |

### THE COURT\*

APPEAL from a judgment of the Superior Court of Merced County.  Brian L. McCabe, Judge.

Janette Freeman Cochran, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Poochigian, Acting P.J., Franson, J. and Peña, J.

This is an appeal from an order after a hearing under Welfare and Institutions Code section 366.26[1] terminating the parental rights of appellant Joyce J. over her 13-year-old son, C.J. At the time of the hearing, C.J. had been in foster care for seven years.

Joyce's court-appointed counsel filed a letter brief pursuant to *In re Phoenix H.* (2009) 47 Cal.4th 835 (*Phoenix H.*), informing this court that she read the entire record and could find no issues to raise on appeal. We granted Joyce leave to file a letter setting forth a good cause showing that an arguable issue of reversible error does exist. Joyce submitted a letter asking that she be allowed to continue visiting C.J. once a month.

We briefly summarize the facts. In 2006, three-year-old C.J. was taken into protective custody after a doctor discovered bruises on his back and arms during a physical exam and C.J. said that Joyce hit him. The following year, after providing Joyce 12 months of reunification services, the juvenile court ordered C.J. into long-term foster care and granted Joyce monthly supervised visits. In 2014, the juvenile court set a section 366.26 hearing after C.J.'s foster mother asked to adopt him. Joyce agreed that C.J. should remain with his foster mother but objected to the adoption. She wanted to continue visiting C.J. C.J. wanted to be adopted, stating that he loved his foster family. He wanted to continue seeing his mother but was satisfied with talking to her on the telephone. C.J.'s foster mother did not object to C.J. speaking to Joyce on the telephone, but did not want to enter into a legal agreement for postadoption contact. In January 2015, the juvenile court terminated Joyce's parental rights.

Though we are not required to, we have reviewed the record as it relates to the section 366.26 hearing and we have found no arguable issues for briefing. (*Phoenix H.*, *supra*, 47 Cal.4th at pp. 841-842.) Accordingly, we dismiss the appeal.

## DISPOSITION

This appeal is dismissed.

---

[1] All statutory references are to the Welfare and Institutions Code.